**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TAMMY AND ERIC LIEBERMAN,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CARNIVAL CRUISE LINES, et al.,**<br><br>**Defendants.** | Civil Action No. 13-4716 (JLL) (JAD)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS** |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Defendant Carnival Cruise Lines' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6). (ECF No. 17). The Hon. Jose L. Linares, U.S.D.J referred the motion to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on this matter. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Defendant's Motion be **denied**.

## I.     BACKGROUND

Plaintiffs commenced this matter on August 6, 2013, filing a Complaint seeking relief in connection with injuries that Plaintiff Tammy Lieberman suffered while she was a ticketed passenger on Defendant's cruise ship, the "Carnival Splendor." (See generally Compl., ECF No. 1). More specifically, Ms. Lieberman alleges that she slipped and fell while aboard the ship, (Id. , ¶¶ 20-21), that she was injured as a result of the fall and that Defendant not only negligently

caused her injuries, but also exacerbated them by failing to provide appropriate care. (Id. ¶¶ 21-68). Each of the claims in Plaintiffs' seven-count Complaint pertains to that incident.[1]

Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6), arguing that Plaintiff is contractually barred from litigating her claims in this District. (ECF No. 17). Specifically, Defendant contends that the contractual documents governing the parties' relationship (i.e., the "Cruise Contract"), contain a forum selection clause mandating that all disputes "arising under, in connection with or incident to this Contract or the guest's cruise . . . shall be litigated, if at all, before the United States District Court for the southern district [sic] of Florida in Miami." (Def. Br., ECF No 17-10, at 5). Plaintiffs filed their opposition to Defendant's motion of February 18, 2014, (ECF No. 18), and Defendant filed a reply submission in further support of its application on March 10, 2014. (ECF No. 23).

## II.   **LEGAL STANDARD**

As an initial matter, this Court notes that, while Defendant seeks dismissal under Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction), 12(b)(2) (lack of personal jurisdiction), 12(b)(3) (improper venue) and 12(b)(6) (failure to state a claim upon which relief may be granted), its application is more properly treated as a motion to transfer pursuant to 28 U.S.C. § 1404(a). Indeed, Defendant's motion is based entirely on a purported forum selection clause mandating that any claims arising out of the parties' business relationship be filed in Florida. (See Def. Br., ECF No. 17-10 at 1) (noting that Defendant seeks dismissal "on the grounds that this Court lacks jurisdiction over the subject matter based upon: the forum selection

---

[1] Six of Plaintiffs' seven causes of action seek damages for various injuries that Ms. Lieberman allegedly suffered as a result of Defendant's conduct. In Count Seven, Ms. Lieberman's husband, Eric, asserts a claim for "loss of consortium." (Id., ¶¶ 112-14).

2

clause which requires suit to have been brought in the courts of Florida to the exclusion of all other courts."). The Court notes that "the applicability of a forum selection . . . clause is not a jurisdictional issue." Botman Int'l, B.V. v. Int'l Produce Imports, Inc., 205 F. App'x 937, 941 (3d Cir. 2006). Indeed, Defendant does not argue that the United States District Court lacks subject matter jurisdiction over Plaintiffs' claims (as required on a Rule 12(b)(1) motion) or that Defendant is not subject to personal jurisdiction in New Jersey (as required in the context of a Rule 12(b)(2) motion). (See generally, Def. Br., ECF No. 17-10). Similarly, Defendant has made no effort to articulate how Plaintiffs' Complaint fails to state a valid legal claim (i.e., the basis for a Rule 12(b)(6) motion). (Id.). Finally, Defendant does not argue that venue is this jurisdiction would be "wrong" or "improper" under 28 U.S.C. § 1391 (as required on a Rule 12(b)(3) motion). Defendant simply contends that this case should go forward in the United States District Court for the Southern District Florida pursuant to a forum selection clause in the parties' alleged agreement. The United States Supreme Court has recently held, in no uncertain terms, that the proper mechanism for enforcing a forum selection clause in such circumstances is a motion to transfer under 28 U.S.C. § 1404(a), and not a motion to dismiss. Atlantic Marine Constr. Co. v. United States District Court for the Western District of Texas, 134 S. Ct. 558, 575-77 (2013).

28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotations and citations omitted). The decision whether to transfer a

3

case is committed to the trial court's sound discretion. Cadapult Graphic Sys. v. Tektronix, Inc.,

98 F. Supp. 2d 560, 564 (D.N.J. 2000); Days Inns Worldwide, Inc. v. RAM Lodging, LLC, No.

09-2275, 2010 WL 1540926, at *2 (D.N.J. April 14, 2010).

In addition to these statutory factors, the United States Court of Appeals for the Third

Circuit established a list of public and private interests that a court should consider when

deciding whether to transfer an action:

> The private interests have included: plaintiff's forum preference as
> manifested in the original choice; the defendant's preference;
> whether the claim arose elsewhere; the convenience of the parties
> as indicated by their relative physical and financial condition; the
> convenience of the witnesses—but only to the extent that the
> witnesses may actually be unavailable for trial in one of the fora;
> and the location of books and records (similarly limited to the
> extent that the files could not be produced in the alternative
> forum).
>
> The public interests have included: the enforceability of the
> judgment; practical considerations that could make the trial easy,
> expeditious, or inexpensive; the relative administrative difficulty in
> the two fora resulting from court congestion; the local interest in
> deciding local controversies at home; the public policies of the
> fora; and the familiarity of the trial judge with the applicable state
> law in diversity cases.

Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995) (internal citations omitted).

In Atlantic Marine, however, the Supreme Court established a somewhat truncated

1404(a) analysis for use in instances where the parties have entered into a valid forum selection

clause. The Court wrote, in pertinent part:

> [A] court evaluating a defendant's § 1404(a) motion to transfer
> based on a forum-selection clause should not consider arguments
> about the parties' private interests. When parties agree to a forum-
> selection clause, they waive the right to challenge the preselected
> forum as inconvenient or less convenient for themselves or their
> witnesses, or for their pursuit of the litigation. A court must
> accordingly deem the private-interest factors to weigh entirely in
> favor of the preselected forum . . .

4

> As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.

134 S. Ct. at 582.

Thus, a Court must typically engage in a two part analysis when determining whether to grant a motion to transfer venue. First, the Court must decide whether the transferee district has proper jurisdiction and venue, such that the case could have been brought in the transferee district in the first instance (i.e., whether Section 1404(a) applies). Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 450 (D.N.J. 1999). The Court must then conduct an "individualized, case-by-case consideration of convenience and fairness" regarding which forum is most appropriate to consider the case. Id. "There is no rigid rule governing a court's determination; 'each case turns on its facts.'" Id. (citing Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43 (3d Cir. 1988)). If the parties have entered into a contract with a valid and enforceable forum selection clause, however, that individualized, case-by-case analysis may focus only on the relevant public interests, Atlantic Marine, 134 S. Ct. at 582 (stating that a court "must deem the private-interest factors to weigh entirely in favor of the preselected forum"), and the plaintiff (as the party resisting the clause), would "bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." (Id.).[2]

---

[2] The Court notes that, in the absence of a valid forum selection clause, the party seeking transfer retains the burden of establishing that transfer is necessary. In re Amendt, 169 F. App'x 93, 96 (3d Cir. 2006).

III.   **ANALYSIS**

     a.    **Plaintiff Could Have Brought This Action in Florida**

     28 U.S.C. § 1404(a) provides, in pertinent part, that "a district court may transfer any civil action to any other district or division where it might have been brought." As a threshold issue, therefore, the Court must determine whether venue would be appropriate in the United States District Court for the Southern District of Florida. If venue is not appropriate in that District, the Court may not effectuate the requested transfer pursuant to 28 U.S.C. § 1404(a).

     28 U.S.C. § 1391 sets forth the standards for venue in the United States District Court. See 28 U.S.C. § 1391(a) ("Except as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in district courts of the United States"). In turn, Section 1391(b) provides, in pertinent part, that "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Here, Defendant Carnival Cruise Lines, the only non-fictitious defendant named in the Complaint, maintains its United States headquarters in Miami, Florida, (Compl., ECF No. 1, ¶ 7), and therefore "resides" there for venue purposes. 28 U.S.C. § 1391(c) and (d). As Miami is located within the Southern District of Florida, Plaintiffs could have commenced this action in that District. The Court may therefore transfer this action to the Southern District of Florida, if such a transfer would otherwise be appropriate.

     b.    **The Forum Selection Clause is Unreasonable Under the Circumstances**

     As the Court has found that venue would be appropriate in the Southern District of Florida, the Court must next determine whether this matter should be transferred "[f]or the convenience of parties and witnesses, in the interest of justice" pursuant to 28 U.S.C. 1404(a) and relevant case law. In light of the Supreme Court's recent decision in Atlantic Marine,

however, the Court's analysis would be remarkably different depending on whether, as Defendant suggests, a valid and enforceable forum selection clause governs the parties' dispute. 134 S. Ct. at 582 (Where a valid forum selection clause exists, "[a] court must . . . deem the private-interest factors to weigh entirely in favor of the preselected forum . . . As a consequence, a district court may consider arguments about public-interest factors only.") The Court must, therefore, first determine whether the purported forum selection clause in this matter is valid and enforceable against Plaintiff Tammy Lieberman.

The Court recognizes that "this is a case in admiralty, and federal law governs the enforceability of the forum-selection clause" at issue. Carnival Cruise Lines v. Shute, 499 U.S. 585, 590 (U.S. 1991). The Court further acknowledges that "federal courts sitting in admiralty" should treat forum selection clauses as prima facie valid and enforce such clauses "unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (U.S. 1972); Ocean City Express Co. v. Atlas Van Lines, Inc., No. 13-1467 (JBS), 2014 U.S. Dist. LEXIS 20885, *21 (D.N.J. Feb. 19, 2014). While Defendant argues that a federal court should enforce a forum-selection clause that "(1) was reasonably communicated to the passenger; and (2) complied with notions of 'fundamental fairness'", (Def Br., ECF No. 17-1 at 2), that is not the appropriate legal standard. Indeed, both of the cases that Defendant cited in support of that proposition addressed the enforceability of a contractual limitations period, and not a forum-selection clause. See generally Spataro v. Kloster Cruise, 894 F.2d 44 (2d Cir. 1990); Marek v. Marpan Two, Inc., 817 F.2d 242 (3d Cir. 1987). The correct standard is not nearly as limited.

In Kraft Power Corp. v. GE, No. 11-6073 (JLL), 2011 U.S. Dist. LEXIS 137925 (D.N.J. Dec. 1, 2011), the Hon Jose L. Linares, U.S.D.J., who is also presiding over this case, discussed

the proper analysis. Judge Linares found that forum selection clauses "will not be set aside unless the objecting party can establish that: (1) the clause was procured as the result of fraud or overreaching; (2) enforcement would violate the strong public policy of the forum; or (3) enforcement would, in the particular circumstances of the case, result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Id. at *6. Judge Linares noted that "[t]he party objecting to the enforcement of a forum selection clause bears the 'heavy burden' of demonstrating why they should not be bound by their contractual choice of forum." Id. at *7.

Plaintiffs' primary argument is that the Court should decline to enforce the forum selection clause at issue in this matter because a transfer to the Southern District of Florida "would seriously inconvenience Plaintiffs and cause undue hardship." (Pl Br., ECF No. 18, at 15). Plaintiffs therefore ask the Court to invoke the third exception articulated above (i.e., that "enforcement would result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable."). "A party arguing that a forum selection clause is so seriously inconvenient that it is 'unreasonable' must meet a strict standard of proof.'" Mark IV Transp. & Logistics, Inc. v. Nat'l Indep. Contr. Ass'n, No. 13-2614 (WJM), 2014 U.S. Dist. LEXIS 2519, *11 (D.N.J. Jan. 9, 2014) (citations omitted). "The objecting party must show more than 'mere inconvenience or additional expense.' Enforcement should only be denied where the forum specified in the clause would be so seriously inconvenient that the resisting party would be effectively denied her day in court." Id. (citations omitted); accord Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp., 561 U.S. 89, 109-110 (U.S. 2010) ("A clause of this kind is enforced unless it imposes a venue 'so gravely difficult and inconvenient that [the plaintiff] will for all practical purposes be deprived of his day in court.") (citation omitted).

8

Plaintiff bases her inconvenience argument on her serious, deteriorating medical condition and cites Judge Debevoise's opinion in <u>Veverka v. Royal Caribbean Cruises Ltd.</u>, No. 12-3070 (ES), 2012 US. Dist. LEXIS 175660 (D.N.J. Dec. 11, 2012) as an example of an analogous situation in which the District Court refused to enforce a forum-selection clause against an elderly, physically disabled woman. (Pl. Br., ECF No. 18, at 15-19). In <u>Veverka</u>, the plaintiff, Jacqueline Veverka, an eighty-one year old woman, slipped and fell while a passenger on a Royal Caribbean Cruise ship. <u>Veverka</u>, 2012 US. Dist. LEXIS 175660 at *2. Following her fall, Ms. Veverka underwent hip replacement surgery and subsequently suffered from various post-surgical conditions, including a blood clot and stress-related chest pains. <u>Id.</u> at *3. Ms. Veverka also suffered from arthritis and other conditions, and she relied on "others for assistance with basic life activities such as driving and performing household chores." <u>Id.</u> Similar to Plaintiff here, Ms. Veverka purportedly entered into a contract with Royal Caribbean that contained a forum-selection clause requiring that any litigation between the parties take place in the United States District Court for the Southern District of Florida. <u>Id.</u> at *4-6. When Ms. Veverka commenced a lawsuit in the District of New Jersey, the defendant filed a motion to dismiss or transfer the action based on the forum-selection clause. <u>Id.</u> at *6-7. In determining whether it would be appropriate to enforce the forum-selection clause against Ms. Veverka, Judge Debevoise noted that "[t]he lynchpin issue here is the reasonableness of the forum selection clause, and specifically whether the forum is so gravely difficult and inconvenient that Ms. Veverka will be deprived of her day in court." <u>Id.</u> at *16. Based on Ms. Veverka's medical conditions, Judge Debevoise found that she had "met her heavy burden" of establishing that it would. <u>Id.</u> at *19. Judge Debevoise refused to enforce the forum-selection clause and, instead, conducted a traditional transfer analysis under 28 U.S.C. § 1404(a). <u>Id.</u> at *19-20.

9

Defendant did not address the <u>Veverka</u> case in its reply. Indeed, Defendant responded to Plaintiffs' inconvenience argument only in passing, arguing that the fact that Plaintiffs did not submit a physician's affidavit in support of their application "raises serious doubt as to Ms. Lieberman's ability to travel to Florida for trial." (Def. Rep., ECF No. 23 at 9-10). This Court disagrees.[3] While a physician's note would have afforded additional support for Plaintiffs' position, the record already includes ample support for Plaintiffs' inconvenience argument. For instance, Plaintiff Tammy Lieberman has averred that, while she is only 39 years old, she suffers from Stage 4 terminal cancer, (Aff. Of Tammy Lieberman, ECF No. 18-1, at ¶¶ 2-3), is permanently and completely disabled to the point that she is receiving social security disability benefits, (<u>id.</u> ¶¶ 5-6), requires frequent treatment with medical professionals, (<u>id.</u> ¶¶ 63, 69), is currently confined to bed because of a recent surgical procedure, (<u>id.</u>, ¶¶ 67-68), is dependent on others for her own care and that of her young children, is currently taking chemotherapy medication that makes her significantly more susceptible to infection and is therefore unable to fly given the bacteria contained in the confined space of an aircraft cabin, (<u>id.</u> ¶¶ 9, 71), and, because of the constant pain associated with her various conditions, she would not be able to endure a lengthy trip to southern Florida via an alternative mode of transportation. (<u>Id.</u> ¶ 72). Upon careful consideration of Ms. Lieberman's affidavit, the Court finds that Ms. Lieberman's medical conditions and physical restrictions are actually significantly more severe than those at issue in <u>Veverka</u>.

---

[3] It appears that Defendant may have raised this point based on the facts of <u>Veverka</u>, in which the plaintiff submitted a note from her physician. The Court notes, however, that, in <u>Veverka</u>, the plaintiff's physician submitted a note stating only that Ms. Veverka "should" not travel outside of New Jersey, not that she was physically unable to do so. <u>Veverka</u>, 2012 US. Dist. LEXIS 175660 at *3.

Based on the foregoing, and in light of her debilitating medical conditions, the Court finds that Plaintiff Tammy Lieberman has met her "heavy burden" of showing that litigating this matter in the Southern District of Florida "would be so seriously inconvenient that [she] would be effectively denied her day in court." Mark IV Transp. & Logistics, Inc., 2014 U.S. Dist. LEXIS 2519 at *11. The forum-selection clause should, therefore, not be enforced against her in this matter.[4]

### c.      Analysis of the *Jumara* Factors

As the purported forum-selection clause at issue is not enforceable against Plaintiff Tammy Lieberman, the Court need not apply the truncated 1404(a) analysis set forth in Atlantic Marine. Instead, the Court will conduct a standard analysis of the private and public interest factors relevant to Defendant's transfer application. As discussed above, the United States Court of Appeals for the Third Circuit enumerated those factors in Jumara, 55 F.3d at 879-80, and the Court will address them in turn. The Court also reiterates that, because Plaintiff is not bound by a valid forum-selection clause, Defendant retains the burden of establishing that transfer is appropriate. In re Amendt, 169 F. App'x at 96.

### i.      Private Interest Factors

With regard to the "private interest" factors relevant to a 1404(a) analysis, the Third Circuit has directed courts to consider "plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the

---

[4] As the Court has determined that the forum-selection clause is unenforceable vis-à-vis Plaintiff Tammy Lieberman, the Court need not address Plaintiffs' other arguments on the enforceability issue (i.e., whether public interest and policy factors agitate against enforceability, (Pl. Br, ECF No. 18, at 20-25), and whether Defendant has produced evidence sufficient to establish that Plaintiff should be bound by the clause (id. at 25-36)).

witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Jumara, 55 F.3d at 879-80. While the parties have not made explicit arguments regarding these factors, the Court will endeavor to address them based on the available record.

## A.    The Parties' Choice of Forum

Within the Third Circuit, a plaintiff's choice of forum is a "paramount concern" in deciding a motion to transfer venue. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). When a plaintiff chooses her home forum, the choice is "entitled to greater deference." Sandvik, Inc. v. Cont'l Ins. Co., 724 F. Supp. 303, 307 (D.N.J. 1989). Here, Plaintiff resides in New Jersey and has chosen her home forum for this litigation. While Defendant's preference of forum is the Southern District of Florida, which the Court takes into account, Defendant is the moving party here, and thus holds the burden of persuasion regarding its motion to transfer. Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir.1973). To overcome the presumption in favor of Plaintiff's choice of forum, Defendant must show the balance of conveniences weighs "strongly in favor" of transfer to a more convenient forum. Shutte, 431 F.2d at 25. As set forth in connection with the Court's discussion of the other Jumara factors, Defendant has not done so.

## B.    Where the Cause of Action Arose

Plaintiff Tammy Lieberman slipped and fell while a passenger on Defendant's cruise ship. (Compl., ECF No. 1, ¶¶ 20-21). She was injured as a result of the fall and claims that Defendant not only negligently caused her injuries, but also exacerbated them by failing to provide appropriate care. (Id. ¶¶ 21-68). Those events took place while the cruise ship was at sea or docked in various ports. (Id.). As Plaintiffs' cause of action did not arise in either the

District of New Jersey or Southern District of Florida, this factor is neutral to the Court's analysis.

### C.     The Convenience of the Parties

This factor requires the Court to examine "the convenience of the parties as indicated by their relative physical and financial condition." Jumara, 55 F.3d at 879. The Court has already determined that, in light of her medical conditions, forcing Plaintiff Tammy Lieberman to litigate in Florida would be so inconvenient that it would essentially deprive her of her day in court. Nothing in the record indicates that Defendant, a large company, is financially or physically unable to litigate in New Jersey. This factor therefore weighs against transfer.

### D.     The Convenience of the Witnesses and Location of Documents

Plaintiff claims to have undergone significant medical treatment in or around New Jersey in connection with her alleged injuries. (Lieberman Aff., ECF No. 18-1, ¶¶ 60-69). A number of her medical witnesses, therefore, are located either in or in close proximity to this District. The record does not indicate where other potential witnesses might reside. More importantly, nothing in the record suggests that those witnesses would be unable to travel to this District, which is the sole relevant consideration for this factor under Jumara. 55 F.3d at 879. As Defendant has not established that any witnesses would be unavailable in this District, this factor weighs against transfer.

Similarly, Defendant has not established that any books and records would be unavailable should this matter proceed in New Jersey. This factor, therefore, also weighs against transfer.

### ii.     Public Interest Factors

The Third Circuit also directed courts to consider certain "public interest" factors when adjudicating a motion to transfer, including: "the enforceability of the judgment; practical

13

considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases." Jumara, 55 F.3d at 879-80.

The "enforceability of the judgment" factor is neutral, as a judgment rendered in either this District or the Southern District of Florida could easily be registered in another district. Likewise, Defendant has not established (or even endeavored to establish) that any of the other public interest factors agitate in favor of transfer to Florida.

### iii.    The Jumara Factors Weigh Against Transfer

As noted above, nearly all of the Jumara factors are either neutral or weigh against transfer. This Court therefore finds that Defendant has failed to carry its burden of establishing that transfer is appropriate under 28 U.S.C. § 1404(a), and its motion should be denied.

## IV.    CONCLUSION

For the foregoing reasons, this Court recommends that Defendant's Motion to Dismiss (which is more properly characterized as a motion to transfer this matter pursuant to 28 U.S.C. § 1404(a)) be denied.


JOSEPH A. DICKSON, U.S.M.J.

Cc:    Hon. Jose L. Linares, U.S.D.J.

14