**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of<br><br>TAMMY AND ERIC LIEBERMAN,<br><br>Plaintiffs,<br><br>v.<br><br>CARNIVAL CRUISE LINES, et al.,<br><br>Defendants. | Civil Action No.: 13-4716 (JLL)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant Carnival Cruise Lines ("Defendant")'s motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6). (ECF No. 17). This Court referred Plaintiff's motion to the Honorable Joseph A. Dickson, Unites States Magistrate Judge, pursuant to 28 U.S.C. § 636 (b)(1)(A). Magistrate Judge Dickson filed a Report and Recommendation on April 28, 2014 in which he recommended that Defendant's motions to dismiss be characterized as a motion to transfer to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a), and that the motion to transfer should be denied. (ECF No. 25). On May 12, 2014, Defendants filed an Objection to Magistrate Judge Dickson's Report and Recommendation. (ECF No. 26). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the

1

reasons set forth below, the Court adopts Magistrate Judge Dickson's Report and Recommendation to deny transfer of venue.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed a complaint on August 6, 2013, seeking relief in connection with injuries Plaintiff Tammy Lieberman suffered while she was a passenger aboard Defendant's cruise ship, the "Carnival Splendor." (Compl., ECF No. 1 at 4). Plaintiffs allege that at the time of the cruise, Ms. Lieberman was suffering from terminal cancer and that the trip was intended as a final vacation. (Id. at ¶¶ 11-12). Plaintiffs assert that Ms. Lieberman slipped and fell while aboard the cruise ship, and that as a result of the fall, she suffered a severe injury. (Id. at ¶¶ 20-21). Plaintiffs allege that Defendant negligently caused Ms. Lieberman's injuries and exacerbated them by failing to provide appropriate care. (Id. at ¶¶ 21-68). Each of the claims in Plaintiffs' seven-count Complaint pertains to that incident. (Id.).

On February 7, 2014, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6). (Def. Br., ECF. No. 17). Specifically, Defendant contends that the written agreement governing the parties' relationship contains an enforceable forum selection clause. (Id.) Defendant asserts that the forum selection clause mandates that all disputes "arising under, in connection with or incident to this Contract or the guest's cruise . . . shall be litigated, if it all, before the United States District Court for the [S]outhern [D]istrict of Florida in Miami." (Def. Br., ECF No. 17-10, at 5). Accordingly, Defendant argues that this matter should be dismissed or, in the alternative, transferred to the Southern District of Florida. (Id.; Def. Obj. to Mag. R&R, ECF No. 26, at 7).

Plaintiffs filed their opposition to Defendant's motion on February 18, 2014. (ECF No. 18). Plaintiffs asserted that the forum selection clause should not be enforced because its

2

enforcement would be unreasonable. (Pl. Opp. Br., ECF No. 18). Defendant filed a reply submission in further support of its application on March 10, 2104. (ECF No. 23). Shortly thereafter, this Court referred the matter to Honorable Joseph A. Dickson, Unites States Magistrate Judge, pursuant to 28 U.S.C. § 636 (b)(1)(B). On April 28, 2104, Magistrate Judge Dickson filed a Report and Recommendation on Defendant's motion to dismiss, in which he characterized the motion as one to transfer venue and recommended that it be denied. Currently before the Court is Magistrate Judge Dickson's April 28, 2014 Report and Recommendation, as well as Defendant Carnival Cruise Lines' objections to said Report and Recommendation and Plaintiffs' response to Defendant's objections.

## II. LEGAL STANDARD

When a magistrate judge deliberates on a motion to dismiss, he issues his opinion in the form of a Report and Recommendation to the District Court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1 c(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(c); see also L. Civ. R. 72.1c(2). Unlike an opinion and order issued by a magistrate judge, a Report and Recommendation does not have the force of law unless and until the District Court enters an order accepting or rejecting it. See United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987). When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(B); L. Civ. R. 72.1c(2).

Pursuant to 28 U.S.C. § 1404 (a), the Court may "for the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division

3

where it might have been brought." In the Third Circuit, consideration of a motion to transfer must weigh "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins., 55 F.3d 873, 879 (3d Cir. 1995). Furthermore, the movant bears the burden of establishing the need for transfer. Id. It is at the sound discretion of the trial court to determine whether to order a transfer. See generally Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 632 (3d Cir. 1989); Cadapult Graphic Sys. v. Tektronix, Inc., 98 F.Supp.2d 560, 564 (D.N.J. 2000); Days Inns Worldwide, Inc. v. Ram Lodging, LLC., No. 09-2275, 2010 WL 1540926, at *2 (D.N.J. Apr. 14, 2010).

In exercising this discretion, the court must consider the enumerated factors of § 1404(a) and balance the public and private interests enumerated by the Third Circuit in Jumara. 55 F.3d at 879-80. Public interests include: "enforceability of the judgment; practical considerations that could make the trial easy, expeditious or expensive; . . . administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law." Id. (internal citations omitted). Private interests include: "the plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition;" and, to the extent they would not be available for trial in another forum, the convenience of witnesses and the location of books and records. Id. at 879 (internal citations omitted).

Additionally, where parties have entered into a valid forum selection clause, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." Atlantic Marine Construction Co.,

Inc. v. United States District Court for Western District of Texas, 134 S. Ct. 568, 582 (2013). Accordingly, "a court must . . . deem the private-interest factors to weigh entirely in favor of the preselected forum." Id. As the Court may only consider public interest factors in this scenario, "the practical result is that forum-selection clauses should control except in unusual cases," since public interest factors will "rarely defeat a transfer motion." Id.

However, a forum selection clause will be set aside if: "(1) [it] is the result of fraud or overreaching, (2) [its] enforcement would violate a strong public policy of the forum, or (3) . . . enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972); Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983). Thus, a forum selection clause should be enforced "unless it imposes a venue 'so gravely difficult and inconvenient [that plaintiff] will, for all practical purposes, be deprived of [her] day in court." Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp., 561 U.S. 89, 109-10 (2010).

## III. DISCUSSION

In his Report and Recommendation, Magistrate Judge Dickson found the forum selection clause to be unreasonable, and determined that the Jumara factors weighed against a transfer of venue under §1404(a). (R&R, ECF No. 25, at 6-11).

First, Magistrate Judge Dickson found the forum selection clause to be unenforceable. (R&R, ECF No. 25, at 7). Judge Dickson relied on the exceptions to the enforcement of a forum selection clause discussed in Coastal Steel Corp., 709 F.2d at 202, explained above, and relied on by this court in Kraft Power Corp. v. Gen. Elec. Co., No. 11-6073, 2011 WL 6020100, at *3 (D.N.J. Dec. 1, 2011). (R&R, ECF No. 25, at 7-8). In particular, Judge Dickson found that

5

because of Ms. Lieberman's allegedly debilitating medical conditions, the enforcement of the forum selection clause would make litigating this matter in the Southern District of Florida "so seriously inconvenient as to be unreasonable," and would effectively deny Plaintiffs of their day in court. (R&R, at 6, 11).

Having concluded that Plaintiffs were not bound by the forum selection clause, Judge Dickson then found that Defendant did not meet its burden of showing that transfer would be appropriate under § 1404(a). (R&R, ECF No. 25, at 12-14). Specifically, Judge Dickson analyzed the Jumara factors, including the parties' choice of forum, where the cause of action arose, the convenience of the parties, the convenience of the witnesses and location of documents, and the enforceability of the judgment. (Id.). Judge Dickson determined that the factors either weighed against transfer or failed to support it. (Id.).

Defendant challenges Magistrate Judge Dickson's Report and Recommendation on several grounds. First, Defendant claims that Carnival Cruise Lines v. Shute, 499 U.S. 585 (1991), requires the enforcement of a forum selection clause in a passenger ticket contract as long as: (1) there is no evidence of fraud or overreaching, and (2) the passenger had reasonable notice of the forum selection provision. (Def. Resp. Br., ECF No. 26 at 3). Second, Defendant claims that under Bremen, the forum clause is enforceable because Ms. Lieberman was aware of her medical condition at the time she entered into the contract. (Id.). Third, Defendant asserts that Ms. Lieberman's affidavit related to her health should not be considered by this Court because she is not qualified to give testimony about her medical condition and ability to travel by plane. (Id. at 5-6). Fourth, Defendant claims that the Supreme Court's decision in Atlantic Marine precludes consideration of private interest factors when evaluating a motion to transfer under a forum selection clause. Defendant argues that since Ms. Lieberman's physical condition

6

is a private interest factor, it should not have been considered in Judge Dickson's analysis. (Id. at 7).

Pursuant to Shute, Plaintiffs must satisfy a "heavy burden of proof" to set aside a valid forum selection clause on grounds of inconvenience. 499 U.S. at 594-95. The Court agrees with Judge Dickson that Ms. Lieberman's advanced illness and deteriorating health satisfy the third Coastal Steel exception and meet this "heavy burden of proof." Id.

As Judge Dickson explained in his Report and Recommendation, Ms. Lieberman's alleged illness and injuries are remarkably severe. (R&R, ECF No. 25, at 9). Ms. Lieberman states that she suffers from Stage Four terminal cancer, (Pl. Aff., ECF No. 18-1, at ¶¶ 2-3), is permanently and completely disabled, (Id. ¶¶ 5-6), and requires frequent medical treatment. (Id. ¶¶ 63, 69). She also states that she is currently bedridden because of a recent surgical procedure, and depends on others for her own care and that of her young children. (Id. ¶¶ 67-68). In addition, Ms. Lieberman asserts that she is currently taking chemotherapy medication that makes her more susceptible to infection, and is in constant pain associated with her medical condition. (Id. ¶¶ 9, 71). The alleged state of Ms. Lieberman's health would render her unable to endure a trip to Florida. Therefore, transfer of this matter would be so gravely difficult and inconvenient for Plaintiffs that they would be deprived of their day in court. In fact, other courts in this district have set aside valid forum selection clauses based on arguably less severe health conditions than Plaintiff's. See Veverka v. Royal Caribbean Cruises Ltd., No. 12-03070, 2012 WL 6204911, at *6 (D.N.J. Dec. 11, 2012) ("Ms. Veverka is eight[y]-one years of age, and experiences pain and discomfort and ongoing medical conditions which require assistance with basic daily activities.").

In <u>Shute</u>, the Supreme Court held that because the District Court made "no finding regarding the physical . . . impediments" that would be caused by a transfer of venue, a "mere conclusory reference to the record" did not provide a proper basis for the Supreme Court to validate the finding of inconvenience. 499 U.S. at 594. In contrast to <u>Shute</u>, however, Magistrate Judge Dickson discussed at length "the physical . . . impediments to [Plaintiff] pursuing [her] case" in the Southern District of Florida. <u>Shute</u>, 499 U.S. at 594. This Court agrees with Judge Dickson's finding that the severity of Plaintiff's health is such that a transfer of venue would be "so gravely difficult and inconvenient that [Plaintiff would] for all practical purposes be deprived [her] day in court." <u>Bremen</u>, 407 U.S. at 15; <u>see also</u> <u>Veverka</u>, 2012 WL 6204911, at *4.

In addition, Defendant argues that under <u>Bremen</u>, the forum clause should be enforceable because Plaintiff was aware of her medical condition at the time she entered into the contract with Defendant and thus contemplated the claimed inconvenience. (Def. Resp. Br., ECF No. 26 at 4). In <u>Bremen</u>, the Supreme Court held that "where it can be said with reasonable assurance that at the time [the parties] entered the contract" they "contemplated the claimed inconvenience, it is difficult to see why any such claims of inconvenience should be heard to render the forum clause unenforceable." 407 U.S. at 16. As Plaintiff discusses in her affidavit, however, although she was aware of her illness at the time she entered into the agreement, she did not contemplate being bedridden and in severe pain due to injuries she allegedly sustained as a result of her slip and fall aboard Defendant's ship. (Pl. Aff, ECF No. 18-1, at ¶¶ 56-69). Accordingly, it cannot be said that Plaintiff contemplated the extent of the inconvenience "at the time [the parties] entered the contract." <u>Bremen</u>, 407 U.S. at 16.

8

Separately, Defendant asserts that Plaintiff's statements about her health in her affidavit should not be considered by this Court because she is not qualified to give testimony about her medical condition and ability to travel by plane. (Def. Resp. Br., ECF No. 26 at 5-6). But Plaintiff's statements in her affidavit that she relies on the help of others, is bedridden, and is in constant pain are not medical conclusions. (Pl. Aff., ECF No. 18-1, at ¶¶ 2-3, 9, 67-68). Moreover, other courts in this district have considered the averments of Plaintiffs on motions to transfer without the substantiating opinion of a medical expert. See Veverka, 2012 WL 6204911, at *1 (crediting plaintiff's assertions regarding her medical state and resulting inconvenience of transfer in spite of her physician only submitting a note stating only that Ms. Veverka "should" not travel outside of New Jersey, not that she was physically unable to do so). Although a physician's note would have bolstered Plaintiffs' inconvenience argument, Ms. Lieberman's affidavit provides sufficient support for the argument that transferring this matter to Florida would be so seriously inconvenient as to deprive Plaintiffs of their day in court. In light of the above, this Court agrees with Judge Dickson that Ms. Lieberman's statements about her health can be credited in determining whether a forum transfer is warranted.

Because the forum selection clause has been found to be unenforceable, Defendant's attempt to invoke the truncated § 1404 analysis under Atlantic Marine to determine whether transfer of venue is appropriate, (Def. Resp. Br., ECF No. 26 at 7) (citing Atlantic Marine, 134 S. Ct. at 582), is unpersuasive. For the reasons herein discussed, and as Judge Dickson held in his Report and Recommendation, the forum selection clause is to be set aside because its enforcement in this case would result in litigation in a forum so seriously inconvenient as to be unreasonable. See Coastal Steel Corp., 709 F.2d at 202. In addition, this Court agrees with

Judge Dickson that the § 1404(a) factors and the public and private interests enumerated by the Third Circuit in <u>Jumara</u>, weigh against transfer. 55 F.3d at 879-80.

## IV. Conclusion

Having thoroughly reviewed Magistrate Judge Dickson's April 28, 2014 Report and Recommendation, Defendant's objection and Plaintiffs' response thereto, this Court hereby adopts the Report and Recommendation as to its findings of fact and conclusions of law. Defendant's motion to transfer is therefore denied.

An appropriate Order accompanies this Opinion.

DATED: 6th of August, 2014

JOSE L. LINARES
U.S. DISTRICT JUDGE